IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

_____

| Charles W. Ivey, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| Professional Account Services, Inc. | ) | Jury Trial Demanded |
| Defendant. | ) | |

_____

COMPLAINT

_____

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Charles W. Ivey, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division and is authorized by law to bring this action.

7. Defendant, Professional Account Services, Inc., (hereafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Tennessee, with its principal office located at 4000 Meridian Blvd., Franklin, TN, 37067-6325 and maintains Ben Fordham, 4000 Meridian Blvd., Comm Health Systems, Franklin, TN, 37067-6325, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Specifically, Plaintiff previously had a financial obligation to North Knoxville Medical Center whereby payments were not made and the account was ultimately sold to Defendant.

12. Upon information and belief Defendant was accepting regular payments from Plaintiff on the debt and the balance was appropriately being reduced. A copy of collection notices and proof of payments are attached as collective Exhibit 1 and incorporated herein by reference.

13. Plaintiff's July 2015 statement reflects a payment of $143.76 was due by July 19, 2015. Plaintiff paid a payment of $143.76 on July 7, 2015. A copy of the July statement and proof of payment are attached as Exhibit 2 and incorporated herein by reference.

14. The August 2015 statement without explanation increased from $1,682.08 in July 2015 to $2,682.87 in August 2015.

15. The August 2015 statement should have reflected a balance of $1,484.32 ($1,682.08 less $143.76).

16. Upon information and belief Defendant accepted the payments until August 2015 when Plaintiff received a collection letter stating the Defendant had not received his payment and reflecting a large increase in the balance with no explanation for the increase. A copy of the August 25, 2015 statement is attached as Exhibit 3 and incorporated herein by reference.

17. Plaintiff asserts that Defendant is collecting interest and/ or fees that it neither legally nor contractually is allowed to collect.

## CAUSES OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

18. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above as if set forth fully herein.

19. By attempting to collect interest and fees not allowed by either contract or law, Defendant is violating FDCPA § 1692e (2)(A), § 1692e (2)(B) and § 1692f (1) by falsely representing the character, amount or legal status of the debt, falsely representing any compensation which may be lawfully received for the collection of this debt and attempting to collect any amount of money from Plaintiff (including any interest, fees charges or other expenses) not expressly authorized by the agreement creating the debt or permitted by law.

20. Defendant is attempting to collect interest and/or fees on a debt when the Court of Appeals has opined it is a violation of FDCPA to do so. Specifically, the Court of Appeals for the Sixth Circuit held in *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 (6th Cir. 2014), that a debt collector cannot charge interest or fees that they did not legally have the right to collect.

21. Defendant suddenly and inexplicitly increased the balance of the debt when Plaintiff made regular payments. By spontaneously increasing the balance and offering no explanation as to whether Defendant was legally or contractually permitted to collect the increased amount and not giving credit for payments Plaintiff made, Defendant violated FDCPA §§ 1692e (2)(A), 1692e (2)(B), 1692f (1).

22. Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

23. The Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount of interest and/or fees applicable to this account, if any.

24. The Plaintiff further asserts that Defendant is attempting to confuse him as to the amount owed, so that if he were to make payments on this account he would never know the

actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

25. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

26. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

## COUNT TWO:

## NEGLIGENT TRAINING AND SUPERVISION

27. The Plaintiffs adopt the averments and allegations in paragraphs 1 through 26 hereinbefore as if fully set forth herein.

28. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

29. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

30. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

31. As a result of Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE:

## RECKLESS AND WANTON TRAINING AND SUPERVISION

32. The Plaintiff adopts the averments and allegations of paragraphs 1 through 31

hereinbefore as if fully set forth herein.

33. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

34. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

35. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## TRIAL BY JURY

36. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 35 above as if set forth fully herein.

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual and/or statutory damages from Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15

U.S.C. §1692k(a)(1);

B.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2);

C.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

D.    Compensatory damages in the amount of $20,000.00 on Plaintiff's claims for damages due to the Defendant's negligent training and supervision of employees and reckless and wanton training and supervision;

E.    Punitive damages in an amount to be determined by a jury; and

F.    For such other and further relief as the Court may deem just and proper

WHEREFORE, Plaintiff prays for the following relief:

a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2)(A);

c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

d.    Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted this 4th day of August 2016.

                                      Charles W. Ivey

                                      BY: /S/ Cynthia T. Lawson
                                      CYNTHIA T. LAWSON, #018397
                                      Bond, Botes & Lawson, P.C.
                                      Attorney for Plaintiff
                                      6704 Watermour Way
                                      Knoxville, TN  37901
                                      Phone: 865-938-0733
                                      cynthialawson@bbllawgroup.com